## McAllister v. Shaffer

C.P. of Northumberland County, no. CV 94-1040.

*Michael M. Apfelbaum,* for plaintiff.

*Joseph A. Rice,* for defendant.

FEUDALE, *J.,* January 18, 1995—In this case we are asked to grant defendant's preliminary objections to an asserted cause of action for intentional infliction of emotional distress due to allegedly outrageous conduct by her chiropractor.[1]

---

1. We would note counts of assault and battery and negligence were also pled.

In support of his contention that no such cause of action exists, defendant cites *Kazatsky v. King David Memorial Park Inc.,* 515 Pa. 183, 527 A.2d 988 (1987) wherein the Supreme Court acknowledged but declined to specifically adopt a cause of action for intentional infliction of emotional distress.

The setting in our present case is somewhat unusual, involving a civil action alleging improper conduct during a chiropractic treatment. Specifically, the plaintiff claims she had been a patient of Dr. Shaffer's for 14 years and on September 21, 1992, she was in his office for a routine chiropractic treatment when he improperly manipulated her neck and back areas in such a way that she claims caused her to become unconscious. She alleges the next thing she knew she was in a bed in an adjoining room with her pants down to her ankles, her shirt and bra pulled above her breasts and the defendant was kneeling between her legs with his pants removed and his mouth on her breasts.

The essence of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor. Section 46 of the Restatement (Second) of Torts recognized a free standing tort option and provided as follows:

"Section 46. Outrageous Conduct Causing Severe Emotional Distress

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

The availability of recovery under section 46 is highly circumscribed. The tortious conduct contemplated by the drafters of section 46 is described in their commentary:

"(d) Extreme and outrageous conduct. The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' "

Did the Supreme Court in *Kazatsky* clearly reject the principles set forth in section 46?

In that case the plaintiffs' claim for damages was based on emotional distress occasioned by the defendant's alleged use of threats to coerce them into purchasing the perpetual care contract for their deceased children's gravesites. The court seemed to reject the specific claim in *Kazatsky* because of the "glaring failure in the chain of proof to establish this claim. The Kazatskys presented no expert testimony, indeed no evidence at all, except their own unsubstantiated averments, concerning their alleged injuries." They further stated "[t]o permit recovery on the basis of such a questionable showing would necessitate a radical departure from settled principles of Pennsylvania tort doctrine." *Id.* at 191, 527 A.2d at 992.

It would appear the Supreme Court did not in any way reject the principles of section 46 but stated "[W]e

again leave to another day the question of the viability of section 46 in [the] Commonwealth." *Id.* at 185, 527 A.2d at 989.

See also, the recent case of *Hackney v. Woodring,* 424 Pa. Super. 96, 622 A.2d 286 (1993) where the Superior Court held a cause of action exists for intentional infliction of emotional distress where a plaintiff sued her employer for subjecting her to physical assaults in the nature of fondling and spanking which caused her loss of self esteem and humiliation. Therein, the trial court's granting of a judgment n.o.v. for failure to establish damages by way of expert testimony was reversed.

Do the facts alleged in the present case rise to the level of extreme and outrageous conduct?

We turn to the example given in the Restatement, the first four of which are as follows:

(1) As a practical joke, A falsely tells B that her husband has been badly injured in an accident, and is in the hospital with both legs broken. B suffers severe emotional distress. A is subject to liability to B for her emotional distress. If it causes nervous shock and resulting illness, A is subject to liability to B for her illness.

(2) A, the president of an association of rubbish collectors, summons B to a meeting of the association, and in the presence of an intimidating group of associates tells B that B has been collecting rubbish in territory which the association regards as exclusively allocated to one of its members. A demands that B pay over the proceeds of his rubbish collection, and tells B that if he does not do so the association will beat him up, destroy his truck, and put him out of business. B is badly frightened, and suffers severe emotional distress. A is subject to liability to B for his emotional distress,

and if it results in illness, A is also subject to liability to B for his illness.

(3) A is invited to a swimming party at an exclusive resort. B gives her a bathing suit which he knows will dissolve in water. It does dissolve while she is swimming, leaving her naked in the presence of men and women whom she has just met. A suffers extreme embarrassment, shame, and humiliation. B is subject to liability to A for her emotional distress.

(4) A makes a telephone call but is unable to get his number. In the course of an altercation with the telephone operator, A calls her a God damned woman, a God damned liar, and says that if he were there he would break her God damned neck. B suffers severe emotional distress, broods over the incident, is unable to sleep, and is made ill. A's conduct, although insulting, is not so outrageous or extreme as to make A liable to B.

The above examples and the several Superior Court cases cited by counsel seem to reflect judicial frustration with defining the elements of the tort and more specifically the application of those elements to varying fact patterns. We acknowledge that the seminal issue of outrageousness is neither value free nor exacting. However, the tort as this court understands it has one essential characteristic: the defendant's conduct must be of a character that exceeds all bounds usually tolerated in a decent society. The other elements of the tort are intent, severe emotional distress and causation.

In conclusion, do the facts alleged rise to the level of extreme and outrageous conduct? Accepting as we must, the pleadings as being correct, we have a situation where it is alleged a doctor of chiropractic, either intentionally or negligently, manipulated the spinal column of a patient in such a way that caused her to

lose consciousness. Thereafter, in addition to the improper spinal manipulation, the doctor allegedly indecently assaulted the victim in a room other than the one where she was being "treated."

In this court's view, the allegations are such that if proven, they exceed the examples set forth in the Restatement and the miscellaneous cases cited by counsel and cause this court to respectfully suggest that under the circumstances alleged, this court, the finder of fact as well as our appellate courts may arguably exclaim "Outrageous."

Accordingly we enter the following:

### ORDER

And now, January 18, 1995, the defendant's preliminary objections to the count of intentional infliction of emotional distress is hereby denied and he shall file a responsive pleading within 20 days of the date of this order.